*A. H. Field, and Riley, for appellant.*

*R. H. Field, for appellee.*

---

## MASONIC TEMPLE CO. *v.* JOHN WARD.

**Limitations—Express Trust—Corporations—New Institutions Liable for Debts of Old.**

It is a well settled rule that limitations will not run, as a general rule, against an express trust. An act providing for the organization of a new corporation in which it provides "to raise the necessary funds to pay the debts not secured by mortgage or deed of trust, and the punctual payment of interest on its debts and liabilities is held to clearly contemplate that the property of an old corporation it acquired, should pass to it, pledged for the payment of the debts of the old company.

APPEAL FROM LOUISVILLE CHANCERY COURT.

May 25, 1868.

OPINION OF THE COURT BY JUDGE HARDIN:

As it sufficiently appears that the original claim of the appellee against the "Masonic Fraternity" as fixed by the arbitrator's award of $1,580, was reasonable and just, if the conclusions of the chancellor be correct, that the Masonic Temple Company, as the successor of the Masonic Fraternity, took the property of the

latter with a liability for its debts, and upon trust for their pay-
ments, against which limitation would not run to bar the claim,
it may not be necessary to determine whether the judgment of
the Jefferson Circuit Court upon the award was or not void for
want of legal service of process, or if the same be void, whether
the claim, nothwithstanding the award, is not barred by limitation.

The act of February, 1860, providing for the new organization,
seems to us to clearly contemplate that the property of the "Ma-
sonic Fraternity" should pass to it, pledged for the payment of
the debts of the old company, the purpose of the act is expresesd
in the first section being

>    "to raise the necessary funds to pay the debts not secured
>    by mortgage or deed of trust, and the punctual payment
>    of interest on its debts and liabilities,"

and this purpose seems to have been recognized and acquiesced in,
in the organization of the new company.

But it is insisted for the appellant that if it be true, as is we
think correctly contended for the appellant, that the transfer of
the property created a trust in favor of the general creditors, the
statute of limitations, nevertheless, runs against the appellee's
claim.   And the ordinary case of a devise of an estate by will to
a personal representative for the payment of debts, is cited for
illustration, as one which is opposite in principle with this, and
in which the statute would run in favor of the estate, notwith-
standing the trust.   But we do not regard the two cases as analo-
gous.   Whether the distinction arises from the difference between
the rights of a creditor against an estate, however devised, and
those of a *cestui que* trust, it is well settled that limitation will
not run, as a general rule, against an express trust.

Wherefore, perceiving no available error in the judgment, the
same is affirmed.

*Barr, for appellant.*

*Caldwell, for appellee.*